**In re Petition for DISCIPLINARY ACTION AGAINST William John MORRIS, Jr., a Minnesota Attorney, Registration No. 230637.**

No. A12–0943.

Supreme Court of Minnesota.

March 13, 2013.

Martin A. Cole, Director, Timothy M. Burke, Senior Assistant Director, Office of Lawyers Professional Responsibility, Saint Paul, MN, for petitioner.

William John Morris, Jr., Duluth, MN, pro se.

## OPINION

PER CURIAM.

On June 1, 2012, the Director of the Office of Lawyers Professional Responsibility filed a petition under Rules 10(c) and 12(a) of the Rules on Lawyers Professional Responsibility (RLPR) for disciplinary action against William John Morris, Jr. The petition alleges that Morris violated Rules 8.4(b) and (c) of the Minnesota Rules of Professional Conduct based on his federal convictions, including mail fraud, wire fraud, aiding and abetting wire fraud, and subscribing a false tax return. Morris did not respond to the petition, and by order dated July 5, 2012, we deemed the allegations in the petition admitted pursuant to Rule 13(b), RLPR. The Director recommends that Morris be disbarred. We agree.

Morris was admitted to practice law in Minnesota on October 23, 1992, but has been suspended since July 1, 2006, for nonpayment of lawyer registration fees. In February 2010, after a three-week jury trial, Morris was found guilty and convicted of one count of conspiracy to commit wire fraud and mail fraud in violation of 18 U.S.C. § 371 (2006), five counts of wire fraud in violation of 18 U.S.C. § 1343 (2006), five counts of mail fraud in violation of 18 U.S.C. § 1341 (2006), and one count of making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1) (2006). *See United States v. Louper-Morris*, 672 F.3d 539, 553–54 (8th Cir.2012). Morris was sentenced to 132 months in prison. *Id.* at 554. The facts and circumstances underlying Morris's convictions are set out in some detail in the United States Court of Appeals for the Eighth Circuit opinion affirming his convictions and will not be repeated here in any detail. *See id.* at 540–54.

In approximately 1996, Morris and his mother formed the corporation CyberStudy 101 (CyberStudy) to market an educational software program. *Id.* at 548. CyberStudy marketed the program to customers in primarily low-income, African American, Hmong, and Somali communities. *Id.* at 549. Morris falsely represented that those who signed up for the CyberStudy software would receive a free

computer and free Internet access, and would not be required to make any out-of-pocket payments. *Id.* at 549–50. Using information obtained from CyberStudy customers, Morris engaged in a scheme in which CyberStudy filed tax returns to obtain the Minnesota Education Tax Credit on behalf of those customers. *Id.* at 549–51. Morris was aware that the CyberStudy product did not meet all of the requirements to qualify for the tax credit. *Id.* at 549–50. As part of the scheme, CyberStudy's bank information was written on the forms as the account to which the tax credit was to be routed, and Morris forged signatures on power-of-attorney forms authorizing CyberStudy to file tax returns on behalf of customers. *Id.* at 551, 556. The scheme netted CyberStudy approximately $2.35 million in tax credit payments from the Minnesota Department of Revenue. *Id.* at 552–53. Morris also attempted to collect money directly from customers whose returns were rejected by the Department of Revenue by threatening to report them to "federal deportation authorities." *Id.* at 552. Morris used part of the proceeds from the tax refund scheme to place a down payment on a $650,000 home. *Id.* at 552.

The scheme also included entering into a contract with Kmart whereby CyberStudy agreed to purchase computers to distribute to its customers. *Id.* at 551. In entering into the contract, Morris made false representations to Kmart. *Id.* at 556. As a result of the contract, Kmart delivered 2,284 computers to CyberStudy for which Kmart never received payment. *Id.* at 551, 553. Kmart eventually obtained a judgment against CyberStudy for approximately $1.2 million, which has never been paid. *Id.* at 553.

■■ Because we have deemed the allegations in the petition admitted pursuant to Rule 13(b), RLPR, and because Morris's convictions are conclusive evidence that he engaged in the conduct underlying the convictions,[1] the only issue before us is the appropriate discipline to impose. *See In re Swensen,* 743 N.W.2d 243, 247 (Minn. 2007). We have said that the presumptive discipline for a lawyer convicted of a felony is disbarment. *In re Jones,* 763 N.W.2d 38, 38 (Minn.2009). We have disbarred attorneys convicted of felonies involving dishonesty and fraud. *See In re Pugh,* 710 N.W.2d 285, 288–89 (Minn.2006) (disbarring attorney convicted of mail and wire fraud, money laundering, and fraudulent concealment of material facts); *In re Perez,* 688 N.W.2d 562, 567, 569 (Minn.2004) (disbarring attorney convicted of four counts of mail fraud); *In re Oberhauser,* 679 N.W.2d 153, 159–60 (Minn.2004) (disbarring attorney convicted of money laundering). We have also said that "mitigating factors can warrant a sanction less than disbarment for a felony conviction." *In re Andrade,* 736 N.W.2d 603, 605 (Minn.2007).

■ Morris was convicted of 12 felonies, all of which involved dishonesty. The conduct underlying those convictions was serious and by its very nature harmed the public and the legal profession. In addition to the harm caused to individual CyberStudy customers, Morris defrauded the State of Minnesota and Kmart out of approximately $3.5 million. There are no mitigating circumstances presented. We conclude, therefore, that the appropriate disciplinary sanction is that Morris be disbarred.

We order that:

---

1. Under Rule 19(a), RLPR, a "lawyer's criminal conviction in any American jurisdiction" is "conclusive evidence that the lawyer committed the conduct for which the lawyer was convicted."

1. Respondent William John Morris, Jr., is disbarred from the practice of law in the State of Minnesota, effective upon the date of the filing of this opinion.

2. Respondent shall pay to the Director the sum of $900 in costs and disbursements pursuant to Rule 24, RLPR, and shall comply with Rule 26, RLPR (requiring notice of disbarment to clients, opposing counsel, and tribunals).